**RECEIVED**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AUG 04 2005

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,    )<br>    )<br>        Plaintiff,    )<br>    )<br>v.    )<br>    )<br>THE RESTAURANT COMPANY d/b/a    )<br>PERKINS RESTAURANT AND BAKERY,    )<br>    )<br>        Defendant.    )<br>_____)  | CIVIL ACTION NO. 05-1656<br><br>JRT/FLN<br><br>COMPLAINT<br><br>Jury Trial Demand |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sexual harassment and retaliation. Specifically, Defendant discriminated against Maria Torres when it subjected her to sexual harassment by her supervisor, and retaliation when it terminated her employment when she complained about the harassment. Defendant's action violated Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000e-3(a).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) ("Title VII").

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.



SCANNED
AUG 04 2005
U.S. DISTRICT COURT MPLS

## PARTIES

3. The Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, The Restaurant Company d/b/a Perkins Restaurant and Bakery ("Defendant"), has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of St. Paul, and has continuously had at least 15 employees.

5. At all relevant times, The Restaurant Company d/b/a Perkins Restaurant and Bakery, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Torres filed a charge with the EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant subjected Torres to sexual harassment by her supervisor who created a sexually hostile work environment when he repeatedly propositioned Torres for dates, made unwelcome comments about her appearance and intimidated her. When Torres refused the supervisor's sexual advances, he subjected her to mistreatment at work by increasing her workload, and then reducing her hours. When Torres complained about the sexual harassment,

...

Defendant terminated her employment. Defendant's action are in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000e-3(a).

8.      The effect of the practices complained of in paragraph 7 above has been to deprive Torres of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and retaliation.

9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Torres.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex and retaliation.

B.      Order Defendant to make whole Torres by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, in amounts to be determined at trial.

C.      Order Defendant to make whole Torres by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional distress, in amounts to be determined at trial.

D.  Order Defendant to pay Torres punitive damages for its malicious and reckless conduct, complained of in paragraph 7 above, in amounts to be determined at trial.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the EEOC its costs of this action.

### JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

Dated: 8/3/05

Jean P. Kamp
Regional Attorney

Dated: 8/4/05

*[signature]*

Tina Burnside (WI#1026965)
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Minneapolis Area Office
330 South Second Avenue, Suite 430
Minneapolis, MN 55401-2224
(612) 335-4047