## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Civil No. 05-1656 (JRT/FLN)

Plaintiff,
and

**ORDER**

MARIA TORRES,

                    Plaintiff-Intervenor

v.

THE RESTAURANT COMPANY
d/b/a Perkins Restaurant and Bakery,

                    Defendant.

---

Deborah J. Powers, **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, 310 West Wisconsin Avenue, Suite 800, Milwaukee, WI 53203, for plaintiff.

DeAundres D. Wilson, **WILSON LAW OFFICE, PA**, 2000 Plymouth Avenue North, Minneapolis, MN 55411, for plaintiff-intervenor.

Donald W. Selzer, Jr. and Jodie F. Friedman, **LITTLER MENDELSON, PC**, 1300 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for defendant.

In an order dated May 3, 2006, United States Magistrate Judge Franklin L. Noel granted in part The Restaurant Company d/b/a Perkins Restaurant and Bakery's ("Perkins") motion for an order compelling discovery.   The Equal Employment

Opportunity Commission ("EEOC") appeals the Order pursuant to Federal Rule of Civil Procedure 72(a) and D. Minn. LR 72.2(a).

## BACKGROUND

Maria Torres ("Torres") began working for Perkins in 2003 as a cook.  Perkins claims that it requires all new employees to complete an employment application and to bring I-9 documentation to the first day of new employee orientation, and that Perkins management reviews the documentation to assess its facial validity.  Perkins claims that this procedure was followed with respect to Torres, and that she provided Perkins with facially valid I-9 documentation.

In November 2003, Torres transferred to a different Perkins restaurant, and her new supervisor was Mariano Centeno ("Centeno").  Torres alleges that Centeno sexually harassed her by repeatedly asking her out on dates, calling her at home, and making other unwanted advances toward her.  When she refused Centeno's entreaties, Centeno increased her workload and cut her hours.

On April 2, 2004, Torres informed another supervisor, Rick Walleen, of Centeno's treatment of her.  Walleen then informed the general manager of the restaurant, Troy Smith ("Smith"), and Human Resources Manager Mark Kuehl ("Kuehl") of Torres's complaint.  Smith began an investigation into Torres's complaint, and claims that during the investigation, Torres told him that she had not come forward with her complaint earlier because she feared Centeno would contact immigration officials and have her deported based on her immigration status.

On April 9, 2004, Smith, Kuehl, and Walleen met with Torres.  Kuehl claims that he explained to Torres that she was required to submit valid I-9 documentation, and handed her a blank I-9 form.  Kuehl also claims that he explained to Torres that she would be placed on a leave of absence until she returned the completed form.  Torres did not return the blank form, and did not return to work at Perkins.  Perkins claims that Centeno received a written warning in response to Torres's complaint.

On June 24, 2004, Torres filed a charge with the EEOC, and the EEOC subsequently filed this lawsuit, alleging that Perkins violated Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, by subjecting Torres to sexual harassment and retaliatory discharge.  The EEOC and Torres are not, however, asserting claims for back pay, front pay, or reinstatement.

Perkins sought discovery regarding Torres's immigration status.  The EEOC and Torres objected to discovery of such information, arguing that it constituted an undue burden.  Perkins then moved to compel responses to the discovery requests regarding Torres's immigration status, including a request for admission that Torres was not lawfully authorized to work in the United States, and a request for the production of all documents that relate to or evidence her legal authorization to work in the United States.

The Magistrate Judge ordered Torres to respond to the discovery requests.  The EEOC appeals from the Order granting Perkins's motion to compel, and seeks a protective order barring discovery into Torres's immigration status.

## ANALYSIS

### I.     Standard of Review

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). For the reasons stated below, the Court reverses the Magistrate Judge's order.

### II.    Discovery of Immigration Status in Civil Rights Cases

Discovery regarding the immigration status of plaintiffs in civil rights cases, is generally prohibited, especially in the early stages of litigation. *See*, *e.g.*, *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1069-70 (9th Cir. 2004); *EEOC v. KCD Constr. Inc.*, Civil No. 05-2122 (DSD/SRN) (D. Minn. Feb. 24, 2006); *EEOC v. Bice of Chicago*, 229 F.R.D. 581, 583 (N.D. Ill. 2005); *EEOC v. First Wireless Group, Inc.*, 225 F.R.D. 404 (E.D.N.Y. 2004). First, the immigration status of the plaintiff is usually not relevant to the issue of whether the employer discriminated against the plaintiff in violation of Title VII, although such information may become relevant later, depending on the nature of the remedies sought. *See Bice of Chicago*, 229 F.R.D. at 583 (immigration status not relevant where plaintiff was not seeking back pay). Second, permitting employers to use the discovery process to inquire into workers' immigration status would have an unacceptable chilling effect on the bringing of civil rights actions, which would result in

"countless acts of illegal and reprehensible conduct" going unreported. *Rivera*, 364 F.3d at 1065 (noting that employers have a "perverse incentive to ignore immigration laws at the time of hiring but insist upon their enforcement when their employees complain").

Perkins argues that information regarding Torres's immigration status is relevant and necessary to its case. The Court disagrees. First, Perkins has failed to identify any case where a federal district court permitted discovery into a Title VII plaintiff's immigration status where the plaintiff was not seeking back pay, front pay, or reinstatement. To the contrary, courts that have previously addressed this issue have not permitted defendant employers to use the discovery process to delve into the plaintiff's immigration status, at least in the early stages of litigation. *See*, *e.g.*, *Rivera*, 364 F.3d at 1069-70; *Bice of Chicago*, 229 F.R.D. at 583; *First Wireless Group, Inc.*, 225 F.R.D. at 404.

Second, the Court finds that Torres's immigration status is not relevant to Perkins's case at this stage of the litigation. To the extent that Perkins claims that it placed Torres on a leave of absence, not in retaliation for her complaint of harassment, but because it believed, in good faith, that it could not employ her due to her immigration status, that assertion would satisfy Perkins's burden to set forth a "legitimate, nondiscriminatory reason" for Perkins's action under the *McDonnell Douglas* burden-shifting framework applicable to Title VII cases. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Whether Torres is in fact lawfully authorized to work in this country is not relevant to that issue, and discovery requests seeking such information are therefore neither necessary nor relevant at this time. *See Sorbo v. United Parcel Serv.*,

432 F.3d 1169, 1178 (10th Cir. 2005) (holding the relevant inquiry is the employer's belief that the employee committed misconduct, not whether the employee in fact committed the misconduct).[1]

Finally, the Court notes that the Magistrate Judge relied on *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362-63 (1995), in ordering discovery into Torres's immigration status, finding that that her immigration status may be relevant to the issue of available remedies.  However, as set forth above, and as made clear by the Ninth Circuit in *Rivera*, a Title VII plaintiff's immigration status may be relevant to the determination of appropriate remedies only if the employer is first found liable.  *See Rivera*, 364 F.3d at 1069 (distinguishing *McKennon*).  The Court also notes that the Magistrate Judge did not address the case law regarding the chilling effect that such discovery would have on the bringing of civil rights actions, nor did the Magistrate Judge explain why Torres's immigration status would be relevant at this stage in the litigation, given the nature of the remedies sought.  *Cf. Rivera*, 364 F.3d at 1069; *Bice*, 229 F.R.D. at 583.  Therefore, the Court finds that the Magistrate Judge's Order was contrary to law, and will not permit discovery regarding Torres's immigration status at this time.

---

[1] The Court also notes that to the extent Perkins seeks to make legal arguments regarding the applicability of *Hoffman Plastics Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002), to Title VII cases, such arguments may be raised and addressed in a motion for summary judgment, without the discovery sought here.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's May 3, 2006 Order [Docket No. 49] is **REVERSED**.


DATED:    August 18, 2006                        _____ s/ John R. Tunheim _____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                  United States District Judge