# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil No. 05-1656 (JRT/FLN) |
| Plaintiff, | |
| and | |
| MARIA TORRES, | |
| | **ORDER** |
| Plaintiff-Intervenor, | |
| v. | |
| THE RESTAURANT COMPANY d/b/a Perkins Restaurant and Bakery, | |
| Defendant. | |

> Deborah J. Powers, **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, 310 West Wisconsin Avenue, Suite 800, Milwaukee, WI 53203, for plaintiff.
>
> DeAundres D. Wilson, **WILSON LAW OFFICE, PA**, 100 West Franklin Avenue, Suite 204, Minneapolis, MN 55404, for plaintiff-intervenor.
>
> Donald W. Selzer, Jr. and Jodie F. Friedman, **LITTLER MENDELSON, PC**, 1300 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for defendant.

The Restaurant Company d/b/a Perkins Restaurant and Bakery's ("Perkins") employed Maria Torres as a cook starting in 2003. On June 24, 2004, Torres filed a charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC subsequently filed this lawsuit, alleging that Perkins violated Title VII of the Civil Rights

Act, 42 U.S.C. §§ 2000e *et seq.*, by subjecting Torres to sexual harassment and retaliatory discharge.

Perkins sought discovery regarding Torres's immigration status, and the EEOC and Torres objected. Perkins later moved to compel responses to discovery requests regarding Torres's immigration status, including a request for admission that Torres was not lawfully authorized to work in the United States, and a request for the production of all documents that relate to her legal authorization to work in the United States.

In an order dated May 3, 2006, United States Magistrate Judge Franklin L. Noel granted in part Perkins's motion for an order compelling discovery. The EEOC appealed the order pursuant to Federal Rule of Civil Procedure 72(a) and D. Minn. LR 72.2(a). On August 18, 2006, this Court reversed the order of the Magistrate Judge. Discovery in this case is over, and Perkins now renews its motion to compel. In an order dated November 27, 2006, the Magistrate Judge denied the motion to compel. Currently before the Court is Perkins's appeal of the November 27 Order.

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

In denying the renewed motion to compel, the Magistrate Judge reasoned that the basis for the Court's ruling in August 2006 remains unaffected by any developments in this case. In its appeal, Perkins argues that Torres's immigration status remains relevant

to factual disputes in this case and its legal theories. Further, Perkins argues that plaintiffs have applied the Court's order too broadly and that any chilling effect from permitting this kind of discovery could be limited by narrowly drafting the order to compel.

The Court need not rearticulate its basis for the August 18 Order. In sum, the Court continues to conclude that the discovery sought is not sufficiently relevant to justify its potential chilling effect on victims of discrimination. Perkins has not presented any new evidence or arguments that justify reversing the Magistrate Judge's November 27 Order.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's November 27, 2006 Order [Docket No. 82] is **AFFIRMED**.


DATED:   February 2, 2007                    s/ John R. Tunheim
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                              United States District Judge